IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT HEAD,

    Petitioner,

v.                                                      Civ. No. 15-921 WJ/SCY

MIKE HEREDIA, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner's pro se motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Because Petitioner has not exhausted his alleged bases for relief, the Court is not authorized to grant his petition. Therefore, I recommend dismissing the Petition without prejudice.

**BACKGROUND**

On March 11, 2015, Petitioner entered into a Repeat Offender Plea and Disposition Agreement, pleading guilty to fourth-degree possession of methamphetamine in the Second Judicial District Court of New Mexico ("State District Court"). ECF No. 7 at Ex. B. As part of his plea, Petitioner admitted to having been previously convicted of second-degree burglary. ECF No 7 at Ex. B. Petitioner further agreed to be subject to habitual-offender proceedings based on this previous conviction should he violate "any law" or "any condition of probation or parole" even in the event his probation or parole was not revoked or he was not convicted of the new crime. ECF No. 7 at Ex. B. Petitioner was ultimately sentenced to a suspended sentence of

1

eighteen months, an additional eighteen months of supervised probation, and a one-year term of parole.  ECF No. 7 at Ex. B.

On April 13, 2015, the State moved to revoke Petitioner's probation on the grounds that he violated the terms of his probation by both assaulting his wife and failing to report to his probation officer.  ECF No. 7 at Ex. C.  The State subsequently supplemented its motion to revoke Petitioner's probation with allegations that Petitioner was under the influence of drugs and/or alcohol when he assaulted his wife. ECF No. 7 at Ex E. The State also filed notice of intent to seek a habitual offender enhancement on Petitioner's sentence. ECF No. 7 at Ex. F. The State relied, in part, on the second-degree burglary conviction Petitioner admitted to in the Repeat Offender Plea and Disposition Agreement.  ECF No. 7 at Ex. F. The State sought a four-year enhancement of Petitioner's sentence. ECF No. 7 at Ex. G.  Following a hearing, the State District Court determined that Petitioner violated the terms of this probation and sentenced Petitioner to a term of incarceration of 1,460 days. ECF No. 7 at Ex. H.  Petitioner filed a notice of appeal from the State District Court's revocation of his probation on September 18, 2015.  ECF No. 7 at Ex. I.  Prior to filing the notice of appeal, however, Petitioner filed the petition currently before this Court.

**Petitioner's Claims**

Petitioner is a pro se litigant.  Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel.  *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements[.]" *Garrett v. Selby, Connor, Maddox, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted).  However, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Petitioner purports to raise three grounds for relief in his Petition.  Petitioner's claims, however, generally recite the same facts and allege similar contentions. The central issue of each of these claims is that under *State v. Ortega*, 2004-NMCA-080, 93 P.3d 758, Petitioner's probation violation should not have resulted in the initiation of habitual-offender proceedings against him.

**ANALYSIS**

Respondent argues that the Petition should be dismissed due to Petitioner's failure to exhaust state remedies.  ECF No 7 at 4-5. Specifically, Respondent relies on the fact that Petitioner is currently in the process of appealing his probation revocation before the New Mexico Court of Appeals. ECF No. 7 at 4-5.

A federal habeas petitioner must give the state court a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement.  *See* 28 U.S.C. § 2254(c) (2012); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)[.]" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *see also Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012).  "If the

petitioner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing 28 U.S.C. §2254(b)(1)(B)(i)-(ii)).  The state bears the initial burden of asserting exhaustion as a defense, but once pled, the petitioner bears the burden of showing that he has exhausted all available state court remedies or that exhaustion is futile.  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092-93 (10th Cir. 1995); *Selsor*, 644 F.3d at 1026. "Traditionally, when a petition contains entirely unexhausted state claims, the petition [will] be dismissed without prejudice."  *United States v. Hickman*, 191 Fed. App'x. 756, 757 (10th Cir. 2006).

     I recommend concluding that Petitioner has not exhausted his available state court remedies.  As noted above, Petitioner's appeal of his probation revocation is currently pending before the New Mexico Court of Appeals.  As such, Petitioner is in the process of presenting his claims on direct review and has not yet concluded a complete round of state appellate review of his claims. *Gowler v. Arnold*, 462 F.Supp. 427, 428 (W.D. Okla. 1977) ("[A] federal court [will not] entertain an application for a writ of habeas corpus if an appeal is pending in the state courts.").  Furthermore, Petitioner alleges no facts and provides no argument indicating that pursuing relief through these appellate avenues would be futile.  Accordingly, Petitioner has not met his burden of establishing exhaustion as to any of his claims or that exhaustion is futile and the Petition should therefore be dismissed without prejudice. *See Hickman*, 191 Fed. App'x. at 757.

**CONCLUSION**

Wherefore, IT IS HEREBY RECOMMENDED THAT Petitioner's Petition, (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE